```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

CHRISTOPHER
J. GILMORE,

                 Petitioner,

          v.                           CASE NO. 09-3115-SAC

SEDGWICK COUNTY
SHERIFF'S DEPARTMENT
AND DETENTION CENTER,

                 Respondent.

### O R D E R

This matter is entitled a "Petition for Writ of Habeas Corpus" and was filed by an inmate of the Sedgwick County Detention Center (SGCDC). Mr. Gilmore seeks relief from an alleged "ongoing pattern of systematic abuse" and torture by "staff" at the SGCDC. As "facts", he complains of (1) his placement on administrative segregation status without due process, (2) malicious physical and sexual abuse by staff members during shakedowns that occur three times a day, (3) deprivation of access to the law library and legal phone calls, (4) being subjected to sleep deprivation, and food tampering and adulteration, (5) being subjected to excessive searches, (6) denial of religious services, (7) retaliatory removal of allowable personal property, (8) unauthorized withdrawals from his "spending account", (9) threats of further abuse by staff and threats by inmates in the presence of staff with no staff action, (10) "staff" failure to investigate and act on his claims of abuse, and (11) failure to answer grievances and requests[1]. Gilmore asserts his constitutional rights to due process, equal protection,

---

[1] The court notes that none of these conclusory statements amounts to facts, and that facts must be alleged to support a cause of action.

and freedom from cruel and unusual punishment have been violated. In his pleading, he does not specify what relief he seeks. Generally the relief sought in a habeas corpus petition is release from confinement.

Mr. Gilmore has also filed a "Motion for Order of Injunctive Relief" (Doc. 3) and a "Motion for Order of Transport" (Doc. 4). In the latter motion, he asks to be transported to court to make oral arguments. In the former, he seeks "immediate injunctive relief" from the alleged conditions and abuses, and states his "personal health and safety is (sic) at risk." He also "requests" alternative housing arrangements." The court finds that neither of these motions contains any factual basis. Nor can any factual basis for the relief requested be gleaned from the completely conclusory petition. The court can conceive of no legal basis for these motions given the lack of factual content in the pleadings thus far filed. Accordingly, these motions will be denied, without prejudice to their being re-filed at a later time. Mr. Gilmore has also sent a letter to the clerk of the court which was filed as a Motion for Hearing (Doc. 5). This motion is also denied[2]. Unless and until the filing fee requirements are satisfied and this action survives the court's screening process, plaintiff is not entitled to a hearing before the court or other preliminary relief on the inadequate showing made thus far.

**MOTION TO PROCEED IN FORMA PAUPERIS**

---

[2] Plaintiff is warned that sending correspondence to the clerk is not the proper way to seek court action. Instead, he must file a motion with the full case caption on the first page and a title indicating what relief is being sought.

Gilmore seeks leave to Proceed in forma pauperis (IFP)(Doc. 2). However, his motion does not conform to the statutes providing for IFP status.  28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2). The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a), and Gilmore will be given time to submit a proper motion.  This action may not proceed until he has submitted a motion that conforms to the requirements of Section 1915(a).

**SCREENING**

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  See Rule 4, Rules Governing Section 2254 Cases.  Having considered all materials filed by petitioner, the court finds as follows.

**NO COGNIZABLE HABEAS CORPUS CLAIMS STATED**

Petitioner does not specify which federal habeas corpus provision, 28 U.S.C. § 2241 or § 2254, his Petition is brought under.  An initial review of the Petition reveals that it fails to

3

state a cognizable claim under either provision. A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction or sentence, while a § 2241 petition is used to challenge the execution of a sentence. McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 811-12 (10th Cir. 1997)("Petitions under § 2241 are used to attack the execution of sentence, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence."). In the recent words of the Tenth Circuit Court of Appeals:

> Section § 2241 is a vehicle for challenging pretrial detention, see Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007), or for attacking the execution of a sentence, see Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005). A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

Yellowbear v. Wyoming Atty. Gen., 525 F.3d 921, 924 (10th Cir. 2008). None of the myriad conclusory claims made in the Petition challenges the legality of Gilmore's conviction or sentence. Thus, they are not properly brought in a petition pursuant to 28 U.S.C. § 2254. Nor do they challenge the execution of his sentence and seek earlier release, so as to be cognizable under § 2241. Davis v. Roberts, 425 F.3d 830, 834 (10th Cir. 2005). In order to state a habeas corpus claim, a petitioner must challenge the fact or duration, rather than the conditions, of his confinement. The court concludes that petitioner has alleged an invalid jurisdictional

4

basis for this action[3].

The claims raised by Mr. Gilmore are clearly challenges to the conditions of his confinement, rather than the fact or duration of that confinement.  See McIntosh, 115 F.3d at 812 (A habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's confinement.).  As the Tenth Circuit reasoned:

> There are logical distinctions between prison condition suits brought under civil rights laws and execution of sentence matters brought under § 2241.  See, e.g., United States v. Furman, 112 F.3d 435, 438-39 (10th Cir. 1997)(challenges to good-time credit and parole procedure go to execution of sentence and should be brought under § 2241; challenges to conditions of confinement and related civil rights allegations should be brought pursuant to civil rights laws); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995)(per curiam)(if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is 42 U.S.C. § 1983), cert. denied, 516 U.S. 1059 (1996) . . . .

Id.  In short, plaintiff's claims of conditions amounting to civil rights violations, are not properly raised in a habeas corpus petitioner and must be raised in a civil rights complaint[4].

---

[3] Even if any of Gilmore's claims could be liberally construed as a viable ground for relief under either § 2254 or § 2241, he does not allege facts showing he has fully exhausted his claims through prison administrative channels and through the courts of the state.  Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002)("The exhaustion of state remedies includes both administrative and state court remedies.").  Although § 2241 does not contain an express exhaustion requirement like § 2254, the Tenth Circuit has held that exhaustion is generally required in actions arising under § 2241.  Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.")(citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)).

[4] The filing fee for a federal habeas corpus petition is $5.00, while the filing fee for a civil rights complaint is $350.00.  Under 28 U.S.C. § 1915(b)(1), a plaintiff granted leave to proceed in forma pauperis is not relieved of the obligation to pay the full filing fee of $350.00.  Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments

If plaintiff would like to convert this action into a civil rights complaint under 42 U.S.C. § 1983, he must file an "Amended Complaint" with this case number on it on forms provided by the court[5]. If he does not file an Amended Complaint in the time allotted by the court, this action will be dismissed without prejudice. This means if he later decides to file a civil rights complaint based on the claims raised in this petition, he may do so.

However, the court further advises Mr. Gilmore that the information in his petition is not adequate to state a federal civil rights claim. Should he decide to file a civil rights complaint he will be required to name as defendants individual persons who directly participated in acts or inactions violating his constitutional rights. He will also be required to allege facts, rather than mere conclusory statements, that support his claims. Those facts should include the date, location, and a brief description of the circumstances and the acts of each person involved in every incident in which he claims his federal civil rights were violated. His use of the court's forms should facilitate his providing the proper information, and the forms provided must be fully and carefully completed.

---

deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. If Mr. Gilmore amends this action to a civil rights complaint he will become responsible to pay the $350.00 fee either at the time of filing his Amended Complaint, or through monthly payments after filing and may be required to pay an initial partial fee.

[5] Court rules require that such actions be filed on the court-approved forms. See D.Kan.Rule 9.1(a)([C]ivil rights complaints by prisoners . . . shall be on forms . . . supplied without charge by the clerk of the court upon request."). He should also file an Amended in forma pauperis motion on forms provided by the court.

**CONCLUSION**

In sum, the court concludes that this action fails to state a habeas corpus claim under either § 2241 or 2254, and is subject to being dismissed.  Plaintiff will be given time to convert this action to a civil rights complaint and to file an Amended Motion for Leave to Proceed in forma pauperis that is properly supported.  If he does not convert this action or if he fails to satisfy the filing fee as required herein within the time allotted by the court, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Mr. Gilmore is granted thirty (30) days in which to convert this action to a civil rights action by filing a Civil Rights Complaint on forms provided by the court with "Amended" and this case number written on the first page.

**IT IS FURTHER ORDERED** that within the same thirty-day period, Mr. Gilmore must either pay the filing fee of $350.00 or submit an "Amended Motion for Leave to Proceed Without Prepayment of Fees," which is properly supported with the financial information required by statute, as discussed herein.

**IT IF FURTHER ORDERED** that petitioner's Motion for Order on Injunctive Relief (Doc. 3), Motion for Order of Transport (Doc. 4) and Motion for Hearing (Doc. 5) are denied, without prejudice.

The clerk is directed to transmit to plaintiff forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, and forms for filing a motion to proceed without prepayment of fees.

**IT IS SO ORDERED.**

Dated this 17th day of June, 2009, at Topeka, Kansas.

                                    s/Sam A. Crow
                                    U. S. Senior District Judge